# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SANDRA K. MURRAY,

                Plaintiff,

v.                                      Case No. 06-C-0781

GEORGE BUSH, Supervisor Maysteel,

                Defendant.

## DECISION AND ORDER

Pro se plaintiff Sandra Murray ("Murray") filed a petition and affidavit to proceed without prepayment of fees and costs ("affidavit.") To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious, or seeks relief from an immune party, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(a), (e)(2).

The Court is obliged to give a plaintiff's pro se allegations however, inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must accept all of Murray's allegations as true and draw all reasonable inferences in her favor. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*. (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)) (citations and internal quotation marks omitted).

In a July 28, 2006, Decision and Order, the Court informed Murray that she had not provided the Court with sufficient information to allow a determination of whether she is unable to pay the fee for filing her action and set a deadline for her to file an amended petition and affidavit to proceed without prepayment of fees and costs. Murray has filed supplemental information establishing that she is unable to pay the fee for filing this action.

Liberally construed, Murray's complaint alleges an arguable claim that defendant George Bush ("Bush"), her supervisor at Maysteel, retaliated against her because she filed a discrimination complaint with the State of Wisconsin Department of Workforce Development's Equal Rights Division ("ERD"). Therefore, Murray's petition for leave to proceed *in forma pauperis* is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Murray's petition for leave to proceed *in forma pauperis* in this action is **GRANTED**.

The United States Marshal shall **SERVE** a copy of the complaint, the summons, and this decision and order upon the Defendant pursuant to Fed. R. Civ. P. 4.

Murray is notified that, from now on, she is required, under Fed. R. Civ. P. Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorney(s). Murray should also retain a personal copy of each document. If Murray does not have access to a photocopy machine, she may send out identical handwritten or typed copies

of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to his attorney(s).

Murray is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2006.

**BY THE COURT:**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**