## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SANDRA K. MURRAY,

        **Plaintiff,**

v.                                  **Case No. 06-C-0781**

GEORGE BUSH, Supervisor Maysteel,

        **Defendant.**

## DECISION AND ORDER

      This matter comes before the Court on the motion of Defendant George Bush ("Bush"), a supervisor at Maysteel L.L.C. ("Maysteel"), to dismiss the complaint of pro se Plaintiff Sandra Murray ("Murray") claiming discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") in violation of 42 U.S.C. §12112(a) and § 12203(a).

      Also pending is a document filed by Murray on November 6, 2006, stating that she needs to subpoena documents and she is requesting a "legal counselor" to represent her in this matter. Murray states that she has a mental impairment due to a cranotomy and she is taking medication to control seizures. As will be further explained, Bush's motion to dismiss is dispositive of this action. Therefore, Murray's requests to subpoena documents and for appointment of a legal counselor are denied.

**MOTION TO DISMISS**

Bush moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing this action. He asserts that Murray's claims are barred by the doctrine of *res judicata*, also known as claim preclusion, as a result of the dismissal of her claims and the entry of final judgment in Murray's prior federal action against Maysteel – *Murray v. Maysteel*, No. 03-C-1042 (E.D. Wis. 2004) ("*Murray I*"). Bush also maintains that insofar as Murray asserts claims against him in his individual capacity, her claims should be dismissed because there is no individual liability under the ADA.

Appended as exhibits one through six to Bush's brief in support of his motion to dismiss are documents filed *Murray I*, and the subsequent appeal, *Murray v. Maysteel, LLC*, No. 04-1296, 111 Fed. Appx. 432, 432, 2004 WL 2202529 (7th Cir. Sept. 27, 2004) (*Murray I App.*). Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed.R.Civ.P. 12(b). However, courts may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See e.g., Henson v. CSC Credit Srvs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court takes judicial notice of exhibits one through six, and need not convert Bush's motion to a motion for summary judgment.

**Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.

R. Civ. P. 12(b)(6). In ruling on such a motion, the Court accepts as true all of the factual allegations in the Plaintiff's complaint and draws all reasonable inferences in favor of the Plaintiff. *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In the present action, because Murray proceeds pro se, the Court must liberally construe her complaint, however unartfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## Background

Maysteel employed Murray from October 1987 until March 1999. (Ex. 1 (Charge of Discrimination, attached to *Murray I* Compl.) Murray filed discrimination charges against Maysteel with the Equal Employment Opportunity Commission ("EEOC") and the Equal Rights Division of the Wisconsin Department of Workforce Development ("ERD") in 1996, and with the EEOC again in 2003. (Ex. 6 (*Murray I App*.)) Murray relied on the same events of 1995 and 1996 for all three proceedings. (*Id.*) The 1996 administrative actions were dismissed after investigations by the EEOC and ERD. (*Id.*) Murray's 2003 administrative action was dismissed quickly because the time to file such a charge had long-since expired. (*Id.*)

Murray took no further action after the 1996 administrative dismissal, but after the 2003 administrative dismissal, she began *Murray I* against Maysteel on October 24, 2003. United States District Court Judge Thomas J. Curran ("Judge Curran") presided over the

3

action. Maysteel filed a motion to dismiss. In a January 28, 2004, decision granting the motion, the court held that the action was commenced within the 90-day time period to file a complaint following the issuance of the right to sue notice. (Ex. 2 (*Murray I*, Decision and Order 1 (Jan. 28, 2004)).) However, the events giving rise to the complaint occurred between October 1987 and February 1996, well beyond the statute of limitations. (*Id*.) As such, Judge Curran dismissed *Murray I* with prejudice pursuant to Federal Rule of Civil Procedure 12(b).[1] (*Id.* at 2.) Final judgment was entered that same date. (Ex. 3 (J. in a Civil Case (Jan. 28, 2004)).)

The same day, Murray filed documents which Judge Curran construed as a request for reconsideration. (Ex. 4). The next day, Judge Curran issued an order holding that the documents did nothing to change his conclusion that the statute of limitations barred Murray's action. (Ex. 5 (*Murray I*, Order 1 (Jan. 29, 2004)).) Murray appealed. On September 30, 2004, the Seventh Circuit Court of Appeals issued an unpublished order affirming the dismissal of the action. (Ex. 6 (*Murray I App.*)

Murray filed the instant action on July 21, 2006 ("*Murray II*"). This time, Murray brings the action against her former supervisor, Bush. Murray alleges that during her employment with Maysteel she suffered repeated discrimination by Bush and Maysteel and that after she filed charges with the EEOC and the ERD, Bush and Maysteel retaliated against her.

---

[1]No subsection of Rule 12(b) was specified. (*Id.*)

**Analysis**

Bush contends that this action is barred under the doctrine of *res judicata* by the decision in *Murray I. Res judicata* protects "a victorious party from being dragged into court time and time again by the same opponent on the same cause of action." *Lee v. Vill. of River Forest,* 936 F.2d 976, 981 (7th Cir. 1991) (quoting *Magnus Elec., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir. 1987)). *See also, Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Since the initial litigation was brought in federal court, the federal rules of *res judicata* apply. *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). For *res judicata* to apply, three elements must be met: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and, (3) an identity of parties or privies in the two suits." *Smith v. City of Chi.*, 820 F.2d 916, 919 (7th Cir. 1987). Moreover, *res judicata* not only bars relitigation of claims already decided, but also claims that could have been raised in the prior action. *Humphrey v. Tharaldson Enters.*, 95 F.3d 624, 626 (7th Cir. 1996) (citing *Brzostowski v. Laidlaw Waste Sys. Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).

In the present case, Bush argues that all three elements of *res judicata* are met. First, Bush contends that the decision in *Murray I* was a final judgment because the action was dismissed with prejudice. Determining whether a judgment was final has never been that mechanical, however. "The test is whether the district court has finished with the case." *Hill*

*v. Potter*, 352 F.3d 1142, 1143 (7th Cir. 2003).  In *Murray I*, the court dismissed Murray's action with prejudice because Murray missed the statute of limitations by nearly eight years when she filed an untimely charge with the EEOC.  Dismissal for violating a statute of limitations or untimeliness is always a final judgment.  *See Smith,* 820 F.2d at 919 (citing *McCrocklin v. Fowler*, 411 F.2d 580, 581-82 (7th Cir. 1969)).  This Court has no problem in determining for *res judicata* purposes that *Murray I* was a final decision on the merits.

Second, Bush contends that Murray's factual allegations are merely a repackaging of her factual allegations in *Murray I.*  A claim is deemed to have "identity with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville v. Runyon*, 90 F. 3d 195, 198 (7th Cir. 1996) (quoting *Brzostowski*, 49 F.3d at 338-39).   The same transaction or occurrence means events with a "common core of operative facts." *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir. 1986). *See also*, *Perkins v. Bd. of Trs. of Univ. of Ill.*, 116 F.3d 235, 236-37 (7th Cir. 1997).  Even though a set of allegations "may give rise to different claims of relief upon different theories of recovery, there remains a single cause of action." *Smith*, 820 F.2d at 918.  In her first action brought under the ADA, Murray alleged that Maysteel discriminated against her, forged disciplinary documents to cover-up its discrimination, and retaliated against her for filing charges with the EEOC and ERD.  In her second action also brought under the ADA, Murray makes the same factual allegations. Therefore, these are identical claims for purposes of *res judicata*.

Third, Bush contends that Murray's claim brought against him is properly construed as being brought against Maysteel (the defendant in the first action) and as such, the parties in *Murray I* and *Murray II* are identical. Murray brings this action under the ADA against Bush, but the ADA does not create personal liability for infractions. *See Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII.") When an individual is named in an ADA action, courts invoke the doctrine of *respondeat superior* to make his employer responsible for his actions. *Smith v. Metro. Sch. Dist. Perry Twp.,* 128 F.3d 1014, 1024 (7th Cir. 1997). *See also*, *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Therefore, the proper defendant in this action is Maysteel and, for purposes of *res judicata*, the parties in *Murray I* and *Murray II* are identical.

Bush has met his burden of demonstrating that this action is barred by the prior judgment entered in *Murray I*. Alternatively, the action is subject to dismissal because Bush is not a proper defendant because the ADA does not provide for individual liability - - liability is limited to employers. Therefore, Bush's motion to dismiss is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY**

**ORDERED THAT**:

Bush's motion to dismiss [Docket No. 12] is **GRANTED**; and, this action is

**DISMISSED** with prejudice.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of July, 2007.

                                                   **BY THE COURT**

                                          s/ Rudolph T. Randa

                                          **Hon. Rudolph T. Randa**
                                          **Chief Judge**